# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

DALE R. TOURNIER,

    Petitioner,

vs.

STEPHEN WEIS,

    Respondent.

No. C22-2066-LTS-KEM

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

This matter is before me on a motion (Doc. 10) by respondent Stephen Weis to dismiss petitioner Dale Tournier's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254. Tournier has not filed a response and the time for doing so has expired. Oral argument is not necessary. *See* Local Rule 7(c).

## II.    BACKGROUND

### A.    *State Court Conviction and Sentence*

In 2017, following a bench trial, Tournier was convicted of one count of second-degree sexual abuse of a child under the age of twelve. *State v. Tournier*, 926 N.W.2d 786, 2018 WL 6707740, at *1 (Iowa Ct. App. Dec. 19, 2018) (unpublished). The Iowa Court of Appeals summarized the facts and trial proceedings as follows:

> Dale Robert Tournier's daughter had an older neighborhood friend who often played at her home. One evening, the friend told her grandmother that Tournier touched her in her genital and anal area.
>
> The State charged Tournier with two counts of second-degree sexual abuse of a child under the age of twelve. *See* Iowa Code §§ 709.1; 7093(b) (2016). At a bench trial, the child, who was in first grade, testified to Tournier's sex acts. Following trial, the district court found Tournier guilty

> of one count involving digital penetration of the child's vagina and not guilty of the other count charging a different type of sex act.
>
> Tournier moved for a new trial on the ground the finding of guilt "was contrary to the evidence." Alternatively, he asked the court to "vacate the judgment, . . . take additional testimony, and amend its findings of fact." The district court denied Tournier's new trial motion and his request to vacate the judgment. The court imposed judgment and sentence including a fee for room and board at the county jail.

*Id*. Tournier was sentenced to 25 years in prison and required to register as a sex offender. *Tournier v. State*, 987 N.W.2d 450, 2022 WL 3069288, at *1 (Iowa Ct. App. Aug. 3, 2022).

### B. Direct Appeal

Tournier appealed, arguing (1) the district court abused its discretion in declining to grant him a new trial and in refusing to set aside the finding of guilty and receive further testimony and (2) the district court erred in imposing the jail fee without first determining the amount of the fee. *Id*. The Iowa Court of Appeals affirmed the conviction but vacated the portion of the sentence imposing an obligation to pay the jail fee without first determining Tournier's ability to pay a specified amount. *Id*. Tournier applied to the Iowa Supreme Court for further review, which was granted. *State v. Tournier*, 926 N.W.2d 774, 2019 WL 1868199 (Iowa Apr. 26, 2019) (per curiam) (unpublished). The court affirmed the conviction, vacated the restitution part of his sentence and remanded to the district court to impose restitution consistent with its recent decision in *State v. Albright*, 925, N.W.2d 144 (Iowa 2019), *abrogated by State v. Crawford*, 972 N.W.2d 189 (Iowa 2022).

### C. PCR Application

On September 27, 2019, Tournier applied for post-conviction relief (PCR) in the Iowa District Court, which was denied. *See Tournier v. State*, 987 N.W.2d 450, 2022 WL 3069288, at *1 (Iowa Ct. App. Aug. 3, 2022) (unpublished). On appeal, the Iowa

2

Court of Appeals concluded his ineffective assistance of counsel claims[1] were either unpreserved or failed to show both a breach of an essential duty and prejudice. *Id.* at *4. The court also concluded that res judicata barred it from reviewing his claim that the trial court abused its discretion by failing to grant him a new trial. As such, the court affirmed denial of his PCR action. The Iowa Supreme Court denied further review and procedendo issued on September 29, 2022. Doc. 8-10 at 1.

### D. *Federal Habeas Petition*

Tournier mailed his habeas petition (Doc. 1) to this court on November 9, 2022, and it was filed on November 14. He presents the following claims:

1. The court abused its discretion when it denied the defense request to set aside the verdict and take the additional testimony of K.T. (Claim 1)

2. The PCR trial court erred by dismissing his application because he should have had a jury rather than a bench trial (Claim 2)

3. The weight of the evidence was contrary to the verdict and therefore the court abused its discretion when it failed to grant him a new trial and the trial judge had a personal bias (Claim 3)

Doc. 1 at 5-9. In an initial review order (Doc. 5), I found that Tournier's petition was timely filed but noted there was an issue as to whether all claims were properly exhausted. Doc. 5 at 6-7. The respondent then filed the present motion to dismiss, arguing that (1) the petition contains no exhausted claims, (2) Tournier's new trial claims are not cognizable on habeas review, (3) claims 2 and 3 have been defaulted in other ways and (4) if any claim is exhausted, it should be dismissed with prejudice. *See* Doc. 10-1.

---

[1] Tournier claimed counsel was ineffective with regard to waiving his right to a jury trial, failing to call K.T. as a witness and failing to investigate and take certain depositions before trial.

3

## III. APPLICABLE STANDARDS

### A. *Motion to Dismiss*

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

Courts assess "plausibility" by "'draw[ing] on [our own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937). Courts "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Id.* (citation omitted). While factual plausibility is typically the focus of a Rule 12(b)(6) motion to dismiss,

federal courts may dismiss a claim that lacks a cognizable legal theory, such as failure to comply with the applicable statute of limitations or procedural requirements. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

### B.     *Habeas Corpus*

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). However, 28 U.S.C. § 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Section 2254(a) provides that a federal court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A federal court's review of a state court decision under § 2254 is deferential. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). A state court decision on the merits should not be overturned unless it:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### IV. ANALYSIS

Weis argues that none of Tournier's claims made it through a complete round of state-court review as a federal constitutional claim, such that each is unexhausted and the court lacks jurisdiction to decide any of them. He also argues the claims are procedurally defaulted because there is no further recourse in state court for any of the claims. As such, Weis argues the court should exercise technical exhaustion jurisdiction to dismiss the claims. *See Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006).

With regard to Claim 1 – that the trial court abused its discretion in refusing to set aside the verdict and take the testimony of K.T. – Weis argues Tournier has not asserted any violation of a federal right such that it is not a cognizable federal claim. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

On direct appeal, Tournier argued "the district court abused its discretion when it summarily denied the defense request to set aside the judgment and take additional

6

testimony pursuant to Iowa Rule of Criminal Procedure 2.24(2)(c)." Doc. 8-3 at 47. While Tournier acknowledged that the issue could be addressed under ineffective assistance of counsel requiring de novo review, *see id.* at 49-50, n.4, he did not approach the issue from that angle. Rather, his argument focused on the proper standard of review for a motion under Iowa Rule of Criminal Procedure 2.24(2)(c) and acknowledged that his counsel filed an appropriate motion for a new trial. *Id.* at 60-63. Specifically, he argued the district court "abused its discretion when it summarily denied Tournier's request pursuant to Rule 2.24(2)(c) because it failed to take into consideration any additional testimony under the exceptional circumstances of the confusing nature of the verdict, which under the circumstances was unreasonable." *Id.* at 71. At the end of his argument he added: "If this Court finds that trial counsel failed to adequately preserve the issue by failing to provide either affidavits or offers of proof as to the proposed witnesses['] testimony, Tournier requests this Court consider this issue under an ineffective assistance of counsel framework, and preserve the issue for post-conviction relief." *Id.*

The Iowa Court of Appeals concluded the court did not abuse its discretion in declining to vacate the judgment and take additional testimony and found it unnecessary to address Tournier's argument concerning the standard to be applied under Rule 2.24(2)(c). Doc. 8-7. Nor did it address the claim as an ineffective assistance of counsel issue. *Id.* The Iowa Supreme Court affirmed this decision on appeal. Doc. 8-8 at 1-2.

In his PCR action, Tournier made several ineffective assistance of counsel claims, including that counsel was ineffective in failing to call K.T. as a witness, arguing that counsel "made a tacit admission of ineffective assistance of counsel by seeking to introduce K.T.'s testimony in his Motion for New Trial after the court rendered his Guilty Verdict on Count I." Doc. 8-11 at 32-34. He also argued that the district court abused its discretion in denying his motion for a new trial because the weight of the evidence was contrary to the verdict and based on the court's undisclosed personal bias. *Id.* at 50-70. The district court denied his claims. Doc. 8-14 at 1. On appeal, the Iowa Court of

7

Case 6:22-cv-02066-LTS-KEM   Document 11   Filed 08/30/24   Page 7 of 12

Appeals found that Tournier had not preserved error on the issue of any bias by the trial court. *Id.* at 2. On the issue of calling K.T. as a witness, the court explained that counsel and Tournier agreed not to call K.T. as a witness for various reasons and Tournier made no argument as to why this strategy was unreasonable. *Id.* at 4. The court noted that even if Tournier could show there was a breach of an essential duty, he could not establish that calling K.T. would have changed the outcome. *Id.*

In this case, Tournier does not assert Claim 1 as an ineffective assistance of counsel claim and otherwise fails to allege any violation of the United States Constitution or other federal law. While he raised this claim on direct appeal all the way to the Iowa Supreme Court, he did not assert it as having a federal basis. *See* Doc. 8-3. As such, it is unexhausted. *See Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) ("the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts"). It is also procedurally defaulted as Tournier can no longer bring this claim (asserting a federal basis) in state court. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Claim 1 is dismissed as procedurally defaulted and lacking a cognizable basis for federal habeas review.

Regarding Claims 2 and 3, Weis argues Tournier failed to cite a federal basis for these claims below, making them unexhausted and procedurally defaulted. Additionally, he notes the Iowa Court of Appeals found Tournier had failed to preserve error on these claims, which is an adequate and independent state law ground that precludes federal habeas review.

In Claim 2, Tournier asserts the PCR trial court erred by dismissing his PCR petition. Doc. 1 at 6. As to the supporting facts he states:

> Through this entire process I have inquired whether [K.T.] should be deposed and why I was forced to accept a bench trial when clearly a jury trial would have been a fairer trial. I always believed Judge Foy was bias[ed] because he had a hearing 10 minutes before my trial, that was a guilty plea of a man who admitted to molesting 2 little girls. Mr. Foy listening to a confession 10 minutes before my trial made him bias[ed].

*Id.* In Claim 3, Tournier alleges: "The court abused its discretion when it failed to grant me a new trial because the weight of the evidence was contrary to the verdict and was based on the court[']s personal bias." *Id.* at 8. He asserts a similar factual basis as to Claim 2. *Id.*

On his PCR appeal, the Iowa Court of Appeals concluded Tournier had not preserved error that trial counsel was ineffective with regard to waiving a jury trial based on (1) not properly vetting the district court judge for personal biases, (2) not having the waiver proceedings ten days before trial as required by Iowa Rule of Criminal Procedure 2.17(1) and (3) failing to advise him the judge would have information about his prior convictions whereas a jury would not. Doc. 8-14 at 2. The court did consider his claim as to whether counsel was ineffective in failing to adequately inform him about his decision to waive his right to a jury trial but found that Tournier had filed a written waiver to a jury trial, followed by a waiver hearing in which the district court conducted a thorough colloquy. *Id.* at 3. The court concluded that no evidence rebutted Tournier's knowing, voluntary and intelligent waiver to a jury trial under the United States or Iowa Constitution and his counsel breached no essential duty in advising him about the jury-trial waiver. *Id.*

As noted in the Initial Review Order (Doc. 5), Tournier presented Claim 2 only as an ineffective assistance of counsel claim below, not as a claim of error by the court as he does here, which lacks a federal basis and was not presented below. Claim 3 – that the weight of the evidence was against the verdict – also failed to cite a federal basis

9

below and the PCR appeals court declined to address it because it had been fully litigated in Tournier's direct appeal. *Id.* at 4. The court also concluded that the issue of any bias by the trial judge was not preserved as it was not raised or ruled on by the PCR district court. *Id.* at 2. Claims 2 and 3 fail because they are unexhausted, but also procedurally defaulted as the time for bringing such claims (with a federal basis) has expired. *See* Iowa Code §§ 822.3, 822.8. Claim 3 is also barred by res judicata. The lack of error preservation as to Count 2 and res judicata as to Count 3 are independent and adequate state procedural grounds barring federal review. *See Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (noting the rule that a federal court will not review a state court decision that rests on "independent and adequate procedural grounds" "applies to bar federal habeas claims that a state has declined to consider because of the prisoner's failure to satisfy a state procedural requirement." (quoting *Coleman*, 501 U.S. at 729-30)). As such, Claims 2 and 3 must be dismissed.

To the extent any of Tournier's claims have been properly exhausted and are not procedurally defaulted, Weis argues that the remaining unexhausted claims make the petition mixed, which requires dismissal. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) ("Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."). While I have found that each of Tournier's claims is unexhausted and procedurally defaulted, I agree with Weis that dismissal is appropriate on this basis, as well.

### V. CERTIFICATE OF APPEALABILITY

A certificate of appealability may be granted only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003); *Garrett v. United States*, 211

F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 881 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749, 759 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Thus, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Similarly, when a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find Tournier failed to make the requisite "substantial showing" with respect to his § 2254 petition. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, a certificate of appealability will not issue. If Tournier desires further review of his § 2254 petition, he may request the issuance of the certificate of appealability by a circuit judge of the United States Court of Appeals for the Eighth Circuit in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

### VI.   CONCLUSION

As explained herein, each ground asserted in Tournier's petition (Doc. 1) under 28 U.S.C. § 2254 fails to state a claim upon which relief can be granted. As such, the respondent's motion (Doc. 10) to dismiss is **granted**. The petition (Doc. 1) is **denied** and this action is **dismissed with prejudice**. A certificate of appealability shall **not issue**.

11

**IT IS SO ORDERED** this 30th day of August, 2024.

_____
Leonard T. Strand
United States District Judge